**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 02-30043-06** |
| | | **CIVIL NO. 06-2241** |
| **VERSUS** | | |
| | * | **JUDGE JAMES** |
| **THOMAS NATION** | | |
| | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Document No.508). For reasons stated below, it is recommended that the Motion be **DENIED** as untimely.

Thomas Nation was named in Counts 1, 18, and 19 of a multi-count indictment. On August 20, 2003, after a jury trial, he was found guilty as to all three counts. On March 2, 2004, Thomas Nation was sentenced to 151 months imprisonment on each count, with the sentences to run concurrently. Upon release from imprisonment, he will be placed on supervised release for a term of 5 years. (Rec. Doc. 808).

On July 6, 2005, the defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. (Rec. Doc. 468). On November 7, 2005, the United States Supreme Court denied the defendant's petition for Writ of Certiorari. (Rec. Doc. 483). On November 22, 2006, the defendant filed the pending § 2255 motion. (Rec. Doc. 508). The envelope in which the motion was sent indicates that it was mailed on November 20, 2006, from Farmerville, Louisiana. Neither the Petition nor the memorandum in support is signed or dated, and there is no evidence of any earlier date of filing by the Petitioner; therefore, this Court must use the date of the postmark as the applicable date for statute of limitations purposes.

As was pointed out by the government, 28 U.S.C. § 2255 was amended on April 24, 1996, to provide as follows regarding the statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because a conviction becomes final when the Supreme Court denies a petition for Writ of Certiorari, the defendant's conviction became final on November 7, 2005. See, *e.g., Caspari v. Bohlen*, 510 U.S. 383, 114 S.Ct. 948 (1994). The defendant has raised no issues based on newly-discovered facts or newly-recognized rights, and has alleged no governmental action in violation of the Constitution or laws of the United States which prevented him from filing his motion within the one-year statute of limitations. Thus, the defendant's motion, which was mailed on November 20, 2006, is untimely, and it is recommended that it be **DENIED** as such.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

2

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 18th Day of January, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE