# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 02-30043-06 |
| VERSUS | * | JUDGE JAMES |
| THOMAS EARL NATION | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to vacate, set aside, or correct sentence filed by the defendant pursuant to 28 U.S.C. §2255. [Doc. #635]. Nation was named in Counts 1, 18, and 19 of a multi-count indictment. On August 20, 2003, after a jury trial, he was found guilty as to all three counts. On March 2, 2004, Nation was sentenced to 151 months imprisonment on each count, with the sentences to run concurrently. Upon release from imprisonment, he will be placed on supervised release for a term of 5 years. (Rec. Doc. 808). On November 22, 2006, Nation filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. #508]. This court denied the motion on March 21, 2007. [Doc. #531].

On July 28, 2008, the defendant filed this successive § 2255 motion, arguing that he was sentenced in violation of the Second Amendment and *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). For reasons stated below, it is recommended that the motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for a determination whether the successive petition should be allowed. *See* 28 U.S.C. §§ 2244(a) and (b)(3)(C); *see also In re Epps*, 127 F.3d 364 (5th Cir. 1997).

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before Nation may invoke this Court's jurisdiction to hear a successive § 2255 motion, he must "move in the appropriate court of

appeals for an order authorizing the district court to consider the application." Because Nation has not received such authorization or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion. However, because the plaintiff is pro se, and in the interest of judicial economy, it makes sense to transfer this matter to the Fifth Circuit instead of simply dismissing it for lack of subject-matter jurisdiction.

Accordingly, it is recommended that Nation's motion to vacate, set aside, or correct sentence be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for a determination whether the successive petition should be allowed. *See* 28 U.S.C. §§ 2244(a) and (b)(3)(C); *see also In re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting procedure used when a district court transfers to the court of appeals a successive petition for habeas corpus relief).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 5th day of August, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE